13-465-cv
*Sunnen v. N.Y. State Dep't of Health, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
            *Circuit Judges.*

_____

GERARD V. SUNNEN,

        *Plaintiff-Appellant,*

                v.                                              No. 13-465-cv

NEW YORK STATE DEPARTMENT OF HEALTH,
SENATOR CHARLES E. SCHUMER, MAYOR MICHAEL
R. BLOOMBERG,

        *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**              Gerard V. Sunnen, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE**
**CHARLES SCHUMER:**                       Rebecca S. Tinio, Benjamin H. Torrance,
                                            Assistant United States Attorneys, *for* Preet
                                            Bharara, United States Attorney, United States

Attorney's Office for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLEE**
**MICHAEL BLOOMBERG:**                    Larry A. Sonnenshein, Andrew J. Rauchberg, Diana Lawless, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

**FOR DEFENDANT-APPELLEE**
**NEW YORK STATE DEPARTMENT**
**OF HEALTH:**                            Valerie Figueredo, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the December 27, 2012 judgment and January 9, 2013 order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment and order is **AFFIRMED IN PART** and **VACATED IN PART**.

Plaintiff-Appellant Gerard Sunnen, proceeding *pro se*, appeals from the District Court's December 27, 2012 judgment dismissing his complaint and January 9, 2013 order denying reconsideration. Defendant-Appellee New York State Department of Health ("DOH") requests that we vacate the dismissal of Sunnen's state-law claims against it for the limited purpose of permitting the District Court to enter an order remanding those claims to state court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by affording the litigant "special solicitude" and "interpreting the complaint to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Having conducted an independent and *de novo* review of the record in light of these principals, we find that the District Court properly concluded that it lacked subject matter jurisdiction over Sunnen's claims against Senator Schumer and the DOH, and that Sunnen's allegations against Mayor Bloomberg failed to state a claim that was plausible on its face. Accordingly, we affirm those conclusions for substantially the reasons set forth by the District Court in its well-reasoned opinion and order dated December 21, 2012. *See Sunnen v. N.Y. State Dep't of Health*, 12 CIV. 3417 CM, 2012 WL 6645942 (S.D.N.Y. Dec. 21, 2012). To the extent Sunnen now attempts to raise new claims on appeal, we decline to consider those issues because they were not presented to the District Court. *See Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 446-47 (2d Cir. 2006) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)).

Finally, although the DOH did not make a timely request before the District Court that Sunnen's state-law claims against it be remanded to the state courts rather than dismissed, we find that such relief is appropriate in this instance. Sunnen's claims against the DOH consist of, *inter alia*, state-law claims against a state agency that were removed to the District Court pursuant to the Court's pendent removal jurisdiction. In situations where the removed federal claims have been dismissed, we have noted that "concerns of comity and of federalism . . . encourage remanding to the state courts cases in which state court adjudication can properly claim primacy of interest." *See Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 562-63 (2d Cir. 1978); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("Because in some circumstances a remand of a removed case involving pendent claims will better accommodate the[ ] values [of economy, convenience, fairness, and comity] than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate."). Accordingly, we vacate the District Court's judgment of dismissal only as to those state-law claims against the DOH and remand for the limited purpose of permitting

the District Court to enter an order remanding those claims to the state courts, which the District Court has indicated it is inclined to do.

We have considered all of Sunnen's remaining arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the December 27, 2012 judgment and January 9, 2013 order of the District Court **IN PART, VACATE** the judgment and order **IN PART,** and **REMAND** the claims against the DOH for the limited purpose of permitting those claims to be remanded to state court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4